**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL WISE,

      Petitioner-Appellant,

v.

COMMANDANT, United States
Disciplinary Barracks,

      Respondent-Appellee.

No. 03-3129
(D. Kan.)
(D.Ct. No. 00-CV-3335-RDR)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Michael Wise, a military inmate appearing pro se, appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. His petition alleged a prison Disciplinary and Adjustment Board deprived him of "good conduct time" without due process of law, and insufficient evidence supported the Board's determination he committed disciplinary infractions. Because this proceeding arises under § 2241 and Mr. Wise is a federal prisoner, he does not need a certificate of appealability. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir.1997). We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and affirm.

Mr. Wise is serving a ten-year sentence based on his conviction for conspiracy to commit armed robbery. Based on an "incident with other inmates," a Disciplinary and Adjustment Board ("Board") charged Mr. Wise with three disciplinary infractions. The Board conducted a hearing on the matter and found Mr. Wise guilty of two of the charged infractions: "Conduct Which Threatens" and "Out of Place." Among other sanctions, the Board imposed a forfeiture of ninety days good conduct time credits, thirty days of which were suspended for 180 days.

After an unsuccessful administrative appeal of the Board's decision, Mr.

-2-

Wise sought habeas relief from the federal district court. He alleged several due process violations occurred in the course of the disciplinary proceedings. Mr. Wise also claimed the evidence before the Board did not support its determination against him. The district court denied relief and dismissed the action.

Mr. Wise now appeals the district court's order. He argues: (1) the district court erroneously applied the "some evidence" standard in reviewing his due process claim; (2) the district court erred by not conducting an evidentiary hearing; (3) the district court erred by failing to rule on his petition in a timely manner; and (4) these errors cumulatively warrant reversal. We address each claim below.

**Discussion**

Mr. Wise argues the district court erroneously determined sufficient evidence supported the Board's determination as to the disciplinary charges. Specifically, he claims the court reviewed the Board's conclusion for "some evidence," rather than for "substantial evidence," which he asserts an Army regulation requires.

"In reviewing a denial of a petition for habeas corpus, we review the

district court's conclusions of law de novo and accept its findings of fact unless they are clearly erroneous." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998); *see also Ruggiano v. Reish*, 307 F.3d 121, 126-27 (3d Cir. 2002) (applying same standard of review to § 2241 petition involving good time credit issue). Contrary to Mr. Wise's contention, the burden of proof announced in an Army regulation does not impact habeas review based on an insufficient evidence claim. The appropriate inquiry is whether "there was sufficient evidence for any rational fact finder" to find Mr. Wise committed the disciplinary infractions by a greater weight of the evidence. *Romano v. Gibson*, 278 F.3d 1145, 1154 (10th Cir. 2002).

Here, the Board received evidence from three confidential sources who "provided independently verified reliable information in the past." At least one of the sources indicated he witnessed Mr. Wise's misconduct. Based on this evidence, a rational trier of fact could determine Mr. Wise committed the disciplinary infractions. Accordingly, we affirm the district court's determination that sufficient evidence supported the Board's determination.

Mr. Wise also argues the district court should have held an evidentiary hearing to resolve disputed facts pertaining to his habeas petition. We review a

district court's decision not to conduct an evidentiary hearing for abuse of discretion. *United States v. Davis*, 60 F.3d 1479, 1483 (10th Cir. 1995), *cert. denied*, 517 U.S. 1210 (1996). After reviewing Mr. Wise's habeas petition, we conclude his allegations, if proved, would not warrant relief. *See Medina v. Barnes*, 71 F.3d 363, 366 (10th Cir. 1995) ("To be entitled to an evidentiary hearing in a federal habeas action, the petitioner must first make allegations which, if proved, would entitle him to relief."). Accordingly, the district court did not abuse its discretion by declining to conduct an evidentiary hearing.

Mr. Wise next claims the district court erred by delaying its disposition of his habeas petition until 761 days after he filed his traverse. Construing Mr. Wise's pro se appeal liberally, as we must, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), we interpret his argument as a due process claim. "[T]he remedy for a due process violation caused by inordinate delay of a district court is not habeas relief, but a writ of mandamus directing the district court to act or rule on the pending matter. *United States v. Wiktor*, 146 F.3d 815, 819 (10th Cir. 1998); *see also Johnson v. Rogers*, 917 F.2d 1283, 1284-85 (10th Cir. 1990). In reviewing claims of judicial delay on matters eventually adjudicated by the district court, this court determines whether the district court's or the government's delay prejudiced the defendant. *See, e.g., Barker v. Wingo*, 407

U.S. 514, 530, 532 (1972) (holding habeas petitioner must show prejudice from Sixth Amendment speedy trial violation; *Wiktor*, 146 F.3d at 819 (ruling "unsuccessful direct appeal rebuts presumption of prejudice arising from [judicial] delay"); *Harris v. Day*, 649 F.2d 755, 761-62 (10th Cir. 1981) (explaining in a habeas proceeding, "[t]his court has required a showing of prejudice where there has been a delay in holding a parolee's parole revocation hearing after execution of a parole warrant").

Because the district court ruled on Mr. Wise's petition, no mandamus directing the district court to act was requested or required. Given the district court's denial of Mr. Wise's petition and our affirmance thereof, he can show no prejudice resulted from judicial delay.

Finally, we reject Mr. Wise's argument the cumulative weight of the errors discussed above entitle him to relief. Consistent with our determination the alleged errors did not occur independently, we likewise hold such non-errors did not cumulatively warrant relief. *See Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998) ("Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors."), *cert. denied*, 516 U.S. 1025 (1999).

**Conclusion**

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Wise's petition for habeas corpus and **DISMISS** this appeal.  We also deny Mr. Wise's motion to expedite this appeal as moot.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge