**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JEFFREY L. REAGLE,

      Petitioner–Appellant,

v.

JUSTIN JONES, Director,

      Respondent–Appellee.

No. 12-5183

(D.C. No. 4:09-CV-00507-GKF-PJC)

(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY** and **MURPHY**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. An Oklahoma jury convicted Petitioner of possessing a firearm after a former conviction of a felony, aggravated assault and battery on a police officer, resisting a police officer, and discharging a firearm in a public place. Petitioner was sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal.

In his federal habeas petition, Petitioner raised twelve grounds of error, each of

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which had been presented to and rejected by the Oklahoma Court of Criminal Appeals.[1]

Petitioner argued: (1) the trial court erred in permitting the prosecution to introduce evidence of prior bad acts; (2) the trial court erred in denying defense counsel's request for a competency exam; (3) the trial court erred in refusing to instruct the jury on his theory of defense; (4) the trial court erred in permitting the prosecution to introduce evidence obtained from an unlawful search; (5) Petitioner received ineffective assistance of counsel; (6) the prosecution engaged in prosecutorial misconduct; (7) Petitioner's sentence was excessive; (8) cumulative error requires reversal; (9) Petitioner was wrongfully convicted of three counts of assault and battery on a police officer because he had excusable and justifiable cause; (10) the Second Amendment prohibits his prosecution for possession of a firearm after conviction of a felony; (11) the use of Petitioner's prior felony convictions to enhance his sentence is unconstitutional based on the prohibition against double jeopardy; and (12) the prosecution committed perjury during the trial. The district court concluded that the state court had not unreasonably applied Supreme Court precedent in rejecting these claims in the state court proceedings, and the district court accordingly denied the petition for relief under 28 U.S.C. § 2254(d)(1).

After thoroughly reviewing the record and Petitioner's filings on appeal, we

---

[1] In his habeas petition, Petitioner actually asserted thirteen grounds of error. However, ground thirteen is identical to ground seven: "Appellant's sentence was excessive and should be modified." (R. Vol. I at 36 (capitalization omitted); *see also id.* at 38.)

conclude that reasonable jurists would not debate the district court's denial of habeas relief. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner raises two additional arguments in his brief. He first argues the district court erred in denying his request for an evidentiary hearing. Petitioner contends that he "showed that an investigatory [hearing] was necessary to fully litigate his case." (Br. at 10 (capitalization omitted).) However, because each of Petitioner's claims in his petition can be resolved on the basis of the record alone, we conclude the district court did not abuse its discretion. *See Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010).

Petitioner then argues his conviction and sentence should be dismissed or vacated as a result of the district court's failure to set a hearing date within five days of Respondent's response, as required by 28 U.S.C. § 2243. A review of the record reveals the district court did not dispose of Petitioner's petition until October 10, 2012—more than three years after Petitioner filed his reply to Respondent's response in opposition to Petitioner's habeas petition. Construing Petitioner's pro se appeal liberally, as we must, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we interpret Petitioner's argument as a due process claim. *See Wise v. Commandant*, 82 F. App'x 636, 638 (10th Cir. 2003) (construing the petitioner's claim that "the district court erred by delaying its disposition of his habeas petition until 761 days after he filed his traverse" "as a due process claim"). "'[T]he remedy for a due process violation caused by inordinate delay of a district court is not habeas relief, but a writ of mandamus directing the district court to act or rule on the pending matter.'" *Id.* (quoting *United States v. Wiktor*, 146 F.3d 815, 819 (10th Cir.

-3-

1998)) (alteration in original). Because the district court ruled on Petitioner's petition, "no mandamus directing the district court to act was requested or required." *Id.* at 639. The question, then, is "whether the district court's . . . delay prejudiced [Petitioner]." *Id.* at 638. In light of the district court's denial of Petitioner's habeas petition and our denial of his request for a certificate of appealability, Petitioner can show no prejudice as a result of the delay.[2] *Id.* at 639.

For substantially the same reasons given by the district court and state court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. All other pending motions are **DENIED**.[3]

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge

---

[2] Having determined Petitioner cannot show the requisite prejudice, we do not decide whether the nearly three-year delay in disposing of Petitioner's petition was impermissible. *See Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (concluding a fourteen-month delay in deciding the petitioner's habeas petition was impermissible, but emphasizing that "[e]ach situation must be considered on its own facts"). The record on appeal does not indicate the circumstances that may have justified the district court's delay and is therefore insufficient for us to make this determination.

[3] Contrary to Petitioner's belief, Respondent was not obligated to respond to his combined brief and application for a certificate of appealability. 10th Cir. R. 22.1(B). As explained in the instructions to litigants proceeding without counsel, attached to Petitioner's brief, "It is not a default or concession in any way if the appellee does not respond." (Br. at 3 (bold type omitted).)